Weygandt, C. J.
The Court of Appeals stated the question here involved as follows:
“Where there is pending in the Common Pleas Court an action for alimony only, filed by a wife against her husband, may *162 the wife thereafter maintain a separate action against her husband for an alleged interest in property held by her husband, but claimed to have been purchased with her funds?
“We might state the problem more succinctly by asking whether, upon a petition by the wife for alimony only, the trial court is authorized to make an award of a portion of the property standing in the name of the husband, but claimed to be the property of the wife?”
In seeking the answer to the question, it is important to observe Section 3105.20, Revised Code, the last sentence of which has read since 1951:
“In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.”
This language was construed in the case of Clark v. Clark, 165 Ohio St., 457, 136 N. E. (2d), 52, in which the syllabus reads as follows:
“1. Under the provisions of amended Section 3105.20, Revised Code, in any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.
“2. In the exercise of its full equity powers and jurisdiction in such an action, the trial court is authorized to adjudicate a complete dissolution of the marriage relationship, including a determination of the rights of the parties to alimony and to a division of property.”
And in the opinion appears the following reasoning:
“It is the contention of the defendant that this amendment of 1951 is without effect and that the jurisdiction of the trial courts in divorce and alimony actions remains unchanged.
“With this view this court can not agree. When the General Assembly amends a statute, it is to be presumed that the legislation is not mere meaningless wordage. If, as stated in the Durham case, supra [104 Ohio St., 7, 135 N. E., 280], the trial courts formerly were ‘not authorized to exercise general equity powers’ in such matters, that deficiency clearly has now been remedied by the emphatic new provision that the trial courts shall not be deemed to be deprived of their ‘full’ equity powers and jurisdiction. Apparently the salutary purpose of *163 the General Assembly was to authorize the trial courts to exercise full equity powers and jurisdiction in adjudicating a complete dissolution of the marriage relationship, including a determination of the rights of the parties to alimony and to a division of property.”
The plaintiff seeks to distinguish the instant alimony case from the Clark case by noting that the latter was an action for a divorce while the instant action was instituted for alimony. However, the defendant husband here filed a cross-petition for a divorce. But this is immaterial since the statutory language mentions neither the word “divorce” nor “alimony” but employs the much broader designation, “any matter concerning domestic relations.”
In view of the comprehensive terms of the present statute, and also in view of the recent pronouncement of this court in the Clark case, supra, it follows that the judgments of the Court of Appeals must be affirmed.

Judgments affirmed.

Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.